No. 609

NEWMAN, et v. BOLLMAN

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2984. Decided May 2, 1927.

1063. SALES—1255 Warranty — Where terms of contract with regard to payment have been fully complied with up to time of breach of warranty, contention that notwithstanding full compliance with contract and breach of warranty, balance remaining should be paid, is unwarranted under Sales Law.

Memorandum Application for Rehearing.

**First Publication of this Opinion**

BY THE COURT

In the application for rehearing it is contended that there was a breach by plaintiff of a condition precedent to liability on the warranty, and the contention was based on the following language contained in the contract:

"GUARANTEE: Should this proposition be accepted and terms of payment be fully complied with, we will guarantee said furnace to be of sufficient capacity and power to warm all rooms supplied with registers to 70 degrees Fahr. in the average winter weather where installed, when properly used. If apparatus fails to deliver heat as represented above, you are to notify us at once in writing to that effect, and allow us a reasonable length of time to remedy same."

It is contended that while the plaintiff paid the cash payment provided for and two other payments, that a balance of $100.00 was unpaid, and therefore there was no liability on the guarantee until the $100 balance was paid.

The record shows that the payments were made and the terms of the contract were fully complied with up to and at the time of the breach of the guarantee as to heating power; and that notice required by the contract, of the defect and the failure to heat was given, in writing so that the terms of payment have been fully complied with up to the time of the breach of guarantee.

The interpretation the applicant seeks to place upon the contract is that, notwithstanding all the payments and terms as to payment have been complied with and notwithstanding the breach of warranty, plaintiff must proceed to make additional payments thereafter and then sue to recover same, or present the amount as an element of damages.

This would be an unwarranted construction of the rights of the parties under the contract and under the Sales Law.

Application for rehearing refused.

(Hamilton, PJ., and Cushing and Buchwalter, JJ., concur).